**ED OF PA 2:08-CV-73908**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| DALE E. BUCKLEY, | CIVIL ACTION |
| Plaintiff, | NO. 2:08v9292 |
| v. | |
| AMERICAN STANDARD, INC., d/b/a WESTINGHOUSE AIR BRAKE CO., et al., | ASBESTOS CASE |
| Defendants | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

| | |
|---|---|
| This Document Relates To:<br>DALE E. BUCKLEY, | CIVIL ACTION |
| v. AMERICAN STANDARD, INC., d/b/a WESTINGHOUSE AIR BRAKE CO., et al.<br>Case No. 2:08v9292 | NO. MDL 875 |

## ANSWER, AFFIRMATIVE DEFENSES AND
## CROSSCLAIMS OF RAILROAD FRICTION PRODUCTS CORPORATION

Defendant Railroad Friction Products Corporation ("RFPC"), by its counsel, hereby files the within Answer and Affirmative Defenses to the Complaint filed against it in the above-captioned matter, setting forth the following:

1. RFPC does not have sufficient knowledge to either admit or deny the information contained in Paragraph 1 of the Complaint and therefore denies the same, with the exception that it admits it is incorporated and has its principal place of business in a state other than the state of Plaintiff's residence as referenced in the Complaint.

2. RFPC does not have sufficient knowledge to either admit or deny the information contained in Paragraph 2 of the Complaint and therefore denies the same.

3. Defendants are listed in the Complaint; therefore, no answer is required by RFPC to Paragraph 3 of the Complaint.

4. RFPC does not have sufficient knowledge to either admit or deny the information contained in Paragraph 4 of the Complaint and therefore denies the same.

5. RFPC does not have sufficient knowledge to either admit or deny the information contained in Paragraph 5 of the Complaint and therefore denies the same.

6. RFPC does not have sufficient knowledge to either admit or deny the information contained in Paragraph 6, including all subparts, of the Complaint and therefore denies the same.

7. RFPC incorporates by reference its complete response to the Master Long Form Complaint filed in the United States District Court for the Eastern District of Pennsylvania.

RFPC further denies the allegations and information contained in Paragraph 7 of the within Complaint, including reference to Counts I, II, III, IV and X.

## COUNT I

8. RFPC adopts and incorporates by reference its responses to Paragraphs 1 through 7 as its response to Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint are denied insofar as they may relate to RFPC.

10. The allegations contained in Paragraph 10, including all subparts, of the Complaint are denied insofar as they may relate to RFPC.

## COUNT II

11. RFPC adopts and incorporates by reference its responses to Paragraphs 1 through 10 as its response to Paragraph 11 of the Complaint

12. The allegations contained in Paragraph 12, including all subparts, of the Complaint are denied insofar as they may relate to RFPC.

13. The allegations contained in Paragraph 13 of the Complaint are denied insofar as they may relate to RFPC.

## COUNT III

14. RFPC adopts and incorporates by reference its responses to Paragraphs 1 through 13 as its response to Paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint are denied insofar as they may relate to RFPC.

16. The allegations contained in Paragraph 16, including all subparts, of the Complaint are denied insofar as they may relate to RFPC.

17. The allegations contained in Paragraph 17 of the Complaint are denied insofar as they may relate to RFPC.

## COUNT IV

18. RFPC adopts and incorporates by reference its responses to Paragraphs 1 through 17 as its response to Paragraph 18 of the Complaint.

19. The allegations contained in Paragraph 19 of the Complaint are denied insofar as they may relate to RFPC.

20. The allegations contained in Paragraph 20 of the Complaint are denied insofar as they may relate to RFPC.

21. The allegations contained in Paragraph 21, including all subparts, of the Complaint are denied insofar as they may relate to RFPC.

22. The allegations contained in Paragraph 22 of the Complaint are denied insofar as they may relate to RFPC.

23. Paragraph 23 does not require a response by RFPC. To the extent Plaintiff sets forth a claim for lost wages, it is denied Plaintiff is entitled to lost wages.

24. RFPC does not have sufficient knowledge to either admit or deny the information contained in Paragraph 24 of the Complaint and therefore denies the same.

25. Paragraph 25 is Plaintiff's prayer for a jury trial which does not require a response by RFPC.

26.     Every allegation contained in the Complaint which is not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

27.     There are insufficient allegations to state a claim for fraud or conspiracy as required by Rules 8 and 9(b) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

28.     Plaintiff was guilty of negligence which proximately caused or contributed to any injuries or damages complained of.

## THIRD AFFIRMATIVE DEFENSE

29.     Plaintiff assumed the risk.

## FOURTH AFFIRMATIVE DEFENSE

30.     If Plaintiff used an RFPC product, which is denied, Plaintiff misused and/or improperly used such product.

## FIFTH AFFIRMATIVE DEFENSE

31.     If Plaintiff used an RFPC product, which is denied, Plaintiff failed to take and/or utilize proper safety precautions in the use of such product at times when Plaintiff knew or should have known of the availability of same.

## SIXTH AFFIRMATIVE DEFENSE

32. If Plaintiff sustained any damages or injuries, the same were a result of the acts and omissions, negligent and otherwise, of parties other than RFPC.

## SEVENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred by the applicable statute of limitations and/or laches, either in whole or in part, or by the applicable statute of repose set forth in Virginia Code Section 8.01-250.

## EIGHTH AFFIRMATIVE DEFENSE

34. Plaintiff's exclusive remedy is under the applicable Federal (to include FELA) or State Worker's Compensation laws.

## NINTH AFFIRMATIVE DEFENSE

35. Plaintiff failed to state a cause of action that entitles Plaintiff to punitive damages in any amount.

## TENTH AFFIRMATIVE DEFENSE

36. To the extent Plaintiff used or was exposed to an RFPC product, which is denied, RFPC alleges that its actions herein were in conformity with the state of the art of manufacture and use of the product at the times relevant herein.

### ELEVENTH AFFIRMATIVE DEFENSE

37. To the extent RFPC sold or provided any product at issue herein, which is denied, RFPC alleges that such product was sold and provided to sophisticated users having adequate and full knowledge and information, thereby avoiding any further alleged duties on the part of RFPC.

### TWELFTH AFFIRMATIVE DEFENSE

38. To the extent RFPC supplied any product at issue herein, which is denied, RFPC alleges that such product was supplied in conformity with applicable government specifications, thereby avoiding any further alleged duty or requirement on the part of RFPC.

### THIRTEENTH AFFIRMATIVE DEFENSE

39. RFPC reserves the right to assert such additional defenses as may become apparent through discovery or at trial.

### FOURTEENTH AFFIRMATIVE DEFENSE

40. RFPC alleges that its product, if any, supplied by RFPC and allegedly utilized by Plaintiff was manufactured and supplied in accordance with specifications of the purchaser or specifications of the United States of America or both such specifications.

### FIFTEENTH AFFIRMATIVE DEFENSE

41. RFPC will rely upon the defenses of expressed and implied disclaimer of warranty and lack of notice and privity.

-8-

## SIXTEENTH AFFIRMATIVE DEFENSE

42. Plaintiff fails to name indispensable parties to this cause of action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claim for punitive damages is barred by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America.

## EIGHTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claim for punitive damages is barred by the prohibition against excessive fines of the Eighth Amendment to the Constitution of the United States of America as applied to the states by the Fourteenth Amendment.

## NINETEENTH AFFIRMATIVE DEFENSE

45. Plaintiff's claim for punitive damages is barred by the provisions of the "double jeopardy" clause of the Fifth Amendment to the Constitution of the United States of America as applied to the states by the Fourteenth Amendment.

## TWENTIETH AFFIRMATIVE DEFENSE

46. Plaintiff's claim is barred by the doctrine of release.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

47. To the extent Plaintiff alleges predecessor liability, RFPC denies that it is liable for any alleged wrongdoing of any alleged predecessor entities.

-9-

### TWENTY-SECOND AFFIRMATIVE DEFENSE

48. To the extent that RFPC's product was altered after leaving the control of RFPC by persons over whom RFPC had no control, RFPC is relieved of responsibility, if any.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

49. If Plaintiff used an RFPC product, which is denied, Plaintiff was not sufficiently exposed thereto so as to render RFPC liable.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred and pre-empted by the congressional mandate for compensating railroad workers for injuries sustained during their employment as set forth in the Locomotive Boiler Inspection Act, the Federal Safety Appliance Act and the Federal Employee's Liability Act.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

51. Venue is improper in the United States District Court for the Eastern District of Virginia.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

52. This Court lacks *in personam* jurisdiction over RFPC.

53. RFPC hereby adopts by reference all affirmative defenses raised by the Defendants in the case which are not adverse to RFPC's interests.

54. RFPC hereby adopts by reference those defenses set forth in Asbestos Defendants' Master Affirmative Defenses, and all amendments and supplements thereto, filed in the United States District Court for the Eastern District of Pennsylvania in the matter styled IN

RE: ASBESTOS LITIGATION, Misc. Docket No. 86-0457, which are not adverse to RFPC's interests.

55.     This Defendant demands a trial by jury.

## CROSSCLAIMS

NOW COMES Defendant Railroad Friction Products Corporation ("RFPC"), by its counsel, and for its Crossclaims states as follows:

Pursuant to the provisions of paragraph 3(f) of the Order entered August 20, 1986, governing In Re: Asbestos Litigation, Case No. 86-MC-457 in the United States District Court for the Eastern District of Pennsylvania, all Crossclaims for contribution and/or indemnity by RFPC against all co-defendants and third-party defendants shall be implied.

RAILROAD FRICTION PRODUCTS
CORPORATION

By: _____
John L. Vitsas, Esq.
Pennsylvania State Bar Code #35121

John L. Vitsas, Esq.
Pennsylvania State BAR CODE #35121
REED SMITH, LLP
435 Sixth Avenue
412 288-3131
Fax: 412-288-6063

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Answer, Affirmative Defenses and Crossclaims was mailed this 27th day of October, 2009, to Richard S. Glasser, Esquire, Glasser & Glasser, P.L.C., attorney for Plaintiff, and has been made available to all other known counsel of record upon request.

John L. Vitsas, Esq.